IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ISRAEL FRANCISCO-GONZALO,

Petitioner,

vs.

MARKWAYNE MULLIN, in his official Capacity as Secretary of the Department Of Homeland Security; TODD BLANCHE, In his official capacity as United States Attorney General; DAREN MARGOLIN, In his official capacity as Director of Executive Office for Immigration Review; DAVID VENTRUELLA, in his official Capacity as Acting ICE Director; ROB JEFFREYS, Director Of Nebraska Department of Correctional Services; and ALLEN GILL, in His official capacity as Omaha Field Office ERO Director;

Respondents.

**8:26CV466**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Israel Francisco-Gonzalo's petition for a writ of habeas corpus. (Filing No. 1). Francisco-Gonzalo, a noncitizen detained by U.S. Immigration and Customs Enforcement, alleges his detention is unlawful because he has not received a bond hearing. But for the reasons set forth below, his petition will be denied.

## BACKGROUND

Francisco-Gonzalo was born in Mexico. (Filing No. 1 at 1). He entered the United States in "approximately 2004." (Filing No. 1 at 1). Before his detention, he resided the majority of his time in the United States in Nebraska. (Filing No. 1 at 3). Francisco-Gonzalo also indicates he has

maintained consistent employment and is the father to one child who is a United States Citizen. (Filing No. 1 at 4).

In June 2026, Francisco-Gonzalo's vehicle was stopped by the Nebraska State Patrol in Omaha. (Filing No. 1-2 at 2). When asked to produce his driver's license, Francisco-Gonzalo presented a consular identification card from Mexico. (Filing No. 1-2 at 2). That caused the state patrol to suspect he might not have lawful immigration status. (Filing No. 1-2 at 2). U.S. Immigration and Customs Enforcement (ICE) officers on the scene began to assist. They identified themselves and interviewed Francisco-Gonzalo, who did not answer questions about his alienage and did not possess any documents that would establish admissibility. (Filing No. 1-2 at 2). An ICE Supervisory Detention and Deportation Officer was notified, and after their review of the evidence gathered by the officers, found probable cause for arrest. (Filing No. 1-2 at 2). Francisco-Gonzalo was arrested and taken into immigration custody. Francisco-Gonzalo was transferred to the McCook Detention Center in McCook, Nebraska, where he remains. (Filing No. 1 at 2).

ICE initiated removal proceedings on the grounds that Francisco-Gonzalo "entered the United States without being admitted or paroled after inspection by an Immigration Officer and is currently in violation of Immigration laws." (Filing No. 1-2 at 4). Francisco-Gonzalo sought release on bond. (Filing No. 1 at 4). The immigration judge held a bond redetermination hearing and heard evidence and arguments from the parties but the hearing focused on whether the immigration judge had jurisdiction to consider bond. (Filing No. 1 at 4). Ultimately, the immigration judge denied his request, reasoning that he "does not have jurisdiction to conduct the bond proceeding" under *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (Filing No. 1-1).

In response, Francisco-Gonzalo petitioned for habeas relief. He challenges his continued detention as a violation of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment (Filing No. 1 at 2). He seeks immediate release or, alternatively, an order directing the Respondents to provide him a bond hearing within seven days. (Filing No. 1 at 2).

**STANDARD OF REVIEW**

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

(citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Francisco-Gonzalo bears the burden to show his custody is unlawful. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**DISCUSSION**

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Francisco-Gonzalo's petition shows he is not entitled to habeas relief. For the reasons stated below, the Court will deny his petition without requiring the Respondents to show cause.

The Court has previously found that due process challenges to immigration detention raised by petitioners similarly situated to Francisco-Gonzalo fail. *See, e.g.*, *Crespo-Barragan, v. Mullin et al.*, 2026 WL 2056579 (D. Neb. July 16, 2026). It reaches the same conclusion here.

At the outset, Francisco-Gonzalo spends considerable time discussing the "legal framework" governing his detention and arguing the government has applied the wrong statute to him. (Filing No. 1 at 5); *compare* 8 U.S.C. § 1226(a) (providing that the government "may release" a noncitizen on bond in certain circumstances) *with* 8 U.S.C. § 1225(b)(2)(A) (authorizing detention without bond). However, the Eighth Circuit has already rejected those arguments. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). There, the Eighth Circuit held that noncitizens like Francisco-Gonzalo are "applicants for admission" under that term's statutory definition, so they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* at 1134.

Though *Avila* did not expressly foreclose Francisco-Gonzalo's constitutional arguments, other decisions from the Eighth Circuit and Supreme Court have. In *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the court reaffirmed the proposition that "[d]etention during deportation proceedings [i]s . . . constitutionally valid." *Id.* at 931 (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Because "Congress may make rules as to aliens that would be unacceptable if applied to citizens," the government "may constitutionally detain deportable aliens during the limited period

necessary for their removal proceedings." *Id.* (quoting *Demore,* 538 U.S. at 522). "In other words, the government has more flexibility when dealing with immigration." *Id.* "The overall point," the Eighth Circuit reasoned, is that "[d]etention during removal proceedings is a constitutionally permissible part of th[e] process." *Id.* at 932. That is so even if the statute authorizing detention does not allow for a bond hearing. *See Demore,* 538 U.S. at 528 ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal.").

*Banyee* also makes Francisco-Gonzalo's reliance on *Mathews* untenable. Cases like *Demore* and *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) "leave no room for a multi-factor 'reasonableness' test." *Banyee,* 115 F.4th at 933. While it is true that "deciding what process is due ordinarily requires a form of interest balancing," those cases "have already done whatever balancing is necessary" in the detention context. *Id. See, e.g., Demore*, 538 U.S. at 528 (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Francisco-Gonzalo] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). Instead, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still *pending*." *Id.* (citation modified) (emphasis in original). For Francisco-Gonzalo, they are (Filing No. 1 at 4), so *Mathews* is of no help to him.

Further, the fact that Francisco-Gonzalo has not received an individualized custody determination does not make his custody unlawful. The Supreme Court has repeatedly upheld the constitutionality of *categorical*, mandatory detention of certain classes of noncitizens. *See, e.g., Demore,* 538 U.S. at 531; *Carlson v. Landon*, 342 U.S. 524, 541-42 (1952) (rejecting claims of noncitizens deemed "deportable because of their participation in Communist activities" that they were entitled to be released from detention if they did not pose a flight risk); *Reno v. Flores,* 507 U.S. 292, 313 (1993) (upholding mandatory detention of a class of noncitizen juveniles because

"reasonable presumptions and generic rules" are not necessarily impermissible exercises of Congress' traditional power to legislate with respect to noncitizens).

In those cases, the government could continue to hold the detainees simply "by reference to the legislative scheme." *Banyee,* 115 F.4th at 932. So too here. Even though the immigration judge's conclusion that he had no authority to consider Francisco-Gonzalo's request for a bond hearing (Filing No. 1-1) means he has not been individually found to be a flight risk or a danger to the community, his detention is constitutional. *See Demore*, 538 U.S. at 524 (emphasizing that "the aliens in *Carlson* were not flight risks" and "had not been found individually dangerous"). Whether or not the immigration judge *would* find Francisco-Gonzalo to be a danger or flight risk, § 1225(b)(2)(A) mandates his detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded . . . And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). Francisco-Gonzalo therefore has no procedural right to prove facts at a bond hearing — like lack of flight risk or dangerousness — that the law renders irrelevant to his detention. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7-8 (2003).

In sum, while *Avila* does not foreclose Francisco-Gonzalo's constitutional claim, other Supreme Court and Eighth Circuit precedent does. Thus, his petition for a writ of habeas corpus will be denied.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Israel Francisco-Gonzalo's petition for a writ of habeas corpus (Filing No. 1) is denied.
2. A separate judgment will be entered.

Dated this 27th day of August, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge